UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KAREN CONONIE, | CIVIL DIVISION |
| Plaintiff, | Case No. 2:22-cv-1131 |
| v. | |
| CSL PLASMA, INC., | |
| Defendant. | |

**COMPLAINT AND JURY DEMAND**

A.   *Preliminary Statement*

1. The plaintiff Karen Cononie brings this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* to redress violations of her right to be free from employment discrimination based upon her race. Because of the violations described herein, this Court is also empowered to exercise pendant jurisdiction pursuant to the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951 *et seq.* A jury trial is demanded.

B.   *Jurisdiction*

2. The jurisdiction of this Court is invoked pursuant to 42 U.S.C. § 2000e *et seq.*, 28 U.S.C. § 1331 and under the doctrine of pendant jurisdiction.

3. On or about March 1, 2022, the plaintiff filed a timely charge alleging discrimination with the Equal Employment Opportunity Commission ("EEOC"), docketed at 533-2022-01093. This charge was simultaneously cross-filed with the Pennsylvania Human Relations Commission.

4. The EEOC issued a Notice of Right to Sue dated June 3, 2022.

5. This Complaint is filed within 90 days of receipt by the plaintiff of the Notice of Right to Sue.

C.     ***The parties***

6.     The plaintiff is an adult individual who resides in Pittsburgh, Allegheny County, PA.

7.     The defendant CSL Plasma, Inc. ("CSL") is an entity doing business in the Commonwealth of Pennsylvania. At all times material, the defendant had places of business located at within this district, including a location at 3470 William Penn Highway, Pittsburgh, Allegheny County, PA 15235.

8.     At all times material, the defendant employed more than fifteen employees.

9.     The defendant was the plaintiff's employer and is an employer within the meaning of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e(b).

D.     ***Factual Background***

10.    The plaintiff was employed by CSL from October 15, 2019 through February 3, 2022.

11.    CSL is a business that collects plasma from donors which is used by its parent company, CSL Behring, for the purpose of manufacturing and delivering life-saving therapies to people in more than 100 countries.

12.    The plaintiff's position was Medical Screener/Receptionist. Her responsibilities included customer service, screening donors for eligibility and answering phones.

13.    The plaintiff performed all the functions of her job in a competent fashion and was considered to be a good employee.

14.    While she was an employee, the plaintiff (Caucasian) was treated differently than similarly situated non-Caucasian employees and her termination was a result of discriminatory animus.

15.     On December 31, 2021, the plaintiff was doing medical screening.  There was a line of approximately 10-12 donors waiting to be processed.  The facility closed at 2:00 pm that day and the plaintiff noticed that it was 1:58 pm.  She locked the door because company policy dictated that it had to be locked immediately upon the close of business.

16.     Within a minute, an assistant supervisor asked the plaintiff who had locked the door.  The plaintiff told her that she had done so.  The assistant manager became angry at the plaintiff for locking the door "early" and told her that she could be fired for doing that.  Whether the plaintiff locked the doors one or two minutes early, on time or a little after 2:00 pm is not certain because the clocks at the CSL facility were not synced and showed different times.

17.     On or about January 4, 2022, the plaintiff was called into a meeting with Mandeep Miller (Indian), the manager of the facility, and was given a final warning because of the incident (up until this point, the plaintiff had not received any disciplinary warnings).  The plaintiff pointed out that Miller herself had locked the door early several months ago, before she had been promoted to manager of the facility.  Miller acknowledged that she recalled that and said that she was so scared about getting disciplined for doing so that she could not sleep that night.  The plaintiff asked her whether Miller was disciplined for that rule "infraction".  Miller did not respond (because she had not been disciplined) and she was visibly displeased that the plaintiff had pointed out this disparate treatment.

18.     On or about January 26, 2022, the plaintiff was screening a former employee (Bree Thomas) for donation.  During the conversation, the plaintiff told Thomas that she was frustrated with how double standards continued to be applied at CSL and that she felt that she was being treated differently, and subjected to heightened scrutiny, because of her race.

19. Afterwards, Miller called the plaintiff into her office for a meeting that was also attended by the quality manager. Miller said that she overheard the plaintiff using profanity during her conversation with Thomas. The plaintiff again pointed out that different standards applied to her regarding discipline.

20. Similarly situated non-Caucasian employees including Rob Hinton (African American) and Jasmine Ham (African American) regularly used profanity on the job and in front of donors, but they were not disciplined.

21. In addition, similarly situated non-Caucasian employees regularly broke other rules but were not subjected to discipline. For example, Alicia Lloyd (African American) would, from time to time, sleep on the job – in the booth where she was supposed to screen donors – but was never disciplined. As stated above, Miller locked the door early – against company policy – and was not disciplined. To the contrary, she was promoted two times in one month, first to medical operations supervisor and then to the center's supervisor. Hinton (referenced above) regularly used his cell phone while working, did not read the consent form to donors, did not clean equipment properly and falsified information on forms – all in violation of established rules, but he was never disciplined or terminated for these infractions, all of which were known to management. Johsua Travis (African American) often came to work intoxicated and/or smelling of alcohol. He was not disciplined for these infractions.

22. The plaintiff was not permitted to keep glucose tablets in her drawer (she had to keep them in her locker) or take them while at work (the plaintiff is diabetic) allegedly because it violated the company's policy prohibiting the consumption of food at the workplace. First, glucose tablets are not "food", they are a supplement to regulate her blood sugar. Second, other

non-Caucasian employees regularly ate food in their booths and were never prohibited from doing so or disciplined.

23. Further, similarly situated non-Caucasian employees were given promotions and the plaintiff was not, despite her excellent performance. The plaintiff was eligible for the open position of head receptionist, but was passed over, despite the fact that she had the qualifications, experience and tenure to do the job.

24. On February 3, 2022, Miller told the plaintiff that her employment was being terminated effective immediately for the "use of profanity" and because she was already on a final warning.

25. The reason given for the plaintiff's termination was nothing more than a pretext and the real reason that she was fired because of her race.

## FIRST CAUSE OF ACTION

26. The preceding paragraphs are incorporated herein by reference as if they were set forth at length.

27. The plaintiff is Caucasian and thus is protected against discrimination on the basis of her race pursuant to Title VII.

28. The plaintiff was qualified for her position.

29. Despite her qualifications, the plaintiff was terminated. The reasons given for her discharge were a pretext.

30. The defendant's discharge of the plaintiff was because of her race in violation of Title VII.

31. The defendant's violation of Title VII was committed with intentional or reckless disregard for the plaintiff's federally protected right to work in an environment free of race discrimination.

## SECOND CAUSE OF ACTION

32. The preceding paragraphs are incorporated herein by reference as if they were fully set forth herein.

33. As a direct and proximate cause of its actions, detailed above, the defendant has violated the plaintiff's right to be free from discrimination under the Pennsylvania Human Relations Act, 43 Pa. C.S.A. § 951 *et seq.*

WHEREFORE, the plaintiff respectfully requests judgment be entered in her favor and against the defendant and that the defendant be required to provide all appropriate remedies under Title VII and the PHRA, including attorney's fees and costs.

Respectfully submitted,

*/s/ Michael J. Bruzzese*
Michael J. Bruzzese
Pa. I.D. No. 63306
220 Koppers Building
436 Seventh Avenue
Pittsburgh, PA 15219
(412) 281-8676
Counsel for the plaintiff

Dated: August 3, 2022